UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ROBERT BAILEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 2:15-cv-197-WTL-WGH |
| | ) | |
| LEANN LARIVA, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Dismissing Action and Directing Entry of Final Judgment**

**I.**

Petitioner Bailey is confined within this District and seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3).

Bailey shall have **through July 28, 2015** in which to either pay the $5.00 filing fee or demonstrate that he lacks the financial ability to do so.

**II.**

A 28 U.S.C. § 2255 motion is the presumptive means by which a federal prisoner can challenge his conviction or sentence, *see Davis v. United States,* 417 U.S. 333, 343 (1974), although 28 U.S.C. § 2241 also supplies a basis for collateral relief under limited circumstances.

"A federal prisoner may use a § 2241 petition for a writ of habeas corpus to attack his conviction or sentence only if § 2255 is 'inadequate or ineffective.'" *Hill v. Werlinger,* 695 F.3d 644, 645 (7th Cir. 2012) (quoting 28 U.S.C. § 2255(e)). The Court of Appeals for the Seventh Circuit has held that Section 2255 is only inadequate or ineffective when three requirements are satisfied: (1) the petitioner relies on a new case of statutory interpretation rather than a

constitutional decision; (2) the case was decided after his first Section 2255 motion but is retroactive; and (3) the alleged error results in a miscarriage of justice. *See Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012).

Bailey challenges the validity of his conviction entered in the United States District Court for the Northern District of Iowa, wherein he was convicted based on his plea of guilty of possessing and aiding and abetting the possession of pseudoephedrine, knowing it would be used to manufacture methamphetamine, in violation of 21 U.S.C. § 841(c)(2). The Eighth Circuit rejected Bailey's challenge to his sentence, which was enhanced based on application of the career offender guidelines, U.S.S.G. § 4B1.1. *United States v. Bailey*, No. 06-4126 (8th Cir. Aug. 28, 2007). A motion for relief pursuant to 28 U.S.C. § 2255 was filed. The trial court denied that motion as untimely and, in the alternative, as being without merit. *Bailey v. United States*, No. C09-2004-LRR, 2012 WL 28533 (N.D.Iowa Jan. 5, 2012). A second § 2255 motion was summarily dismissed on September 22, 2014 because it was submitted without authorization from the Court of Appeals. Bailey's claim in the second § 2255 action was that the career offender enhancement was invalid under the decision in *Descamps v. United States*, 133 S. Ct. 2276 (2013).

Bailey presents the same claim here. That is, he claims that the ACCA enhancement is unlawful based on the decision in *Descamps*, but this does not benefit him. This was authority cited in the second § 2255 action. Apart from this, moreover, "[t]o date, the Supreme Court has not made *Descamps* retroactive on collateral review." *Groves v. United States*, 755 F.3d 588, 593 (7th Cir. 2014).

Section 2241 consideration is only available when the prisoner has been denied "even one round of effective collateral review." *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002). That is not the case here. "The essential point is that a prisoner is entitled to one unencumbered

opportunity to receive a decision on the merits." *Potts v. United States,* 210 F.3d 770 (7th Cir. 2000); *see also Swanson v. Lariva*, 2014 WL 4705396 (S.D.Ind. Sept. 22, 2014). The petitioner had that opportunity and he used it. He is not entitled to more, and this is evident from the fact of his habeas petition and the public record of the sentence he is challenging. Bailey invokes the recent *en banc* decision *Webster v. Daniels,* 784 F.3d 1123 (7th Cir. 2015), but this does not aid him. *Webster* did not purport to change the Circuit law concerning the use of § 28 U.S.C. § 2255(e) and in fact built upon the rationale established in *In re Davenport*, 147 F.3d 605 (7th Cir. 1998), which explains that a remedy via § 2255 is "inadequate or ineffective to test the legality of [the] detention" when a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence. "A procedure for postconviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *Id.* at 611. The habeas petition submitted by Bailey does not satisfy this requirement, for his theory could have been presented under 28 U.S.C. § 2255 and Congress has not decriminalized the conduct for which he was convicted and is now imprisoned. Additionally, the fact that the second 28 U.S.C. § 2255 was summarily dismissed does not open up § 28 U.S.C. § 2255(e) for Bailey. *Garza v. Lappin,* 253 F.3d 918, 922 (7th Cir. 2001)("The mere fact that Garza's petition would be barred as a successive petition under § 2255, however, is not enough to bring the petition under § 2255's savings clause; otherwise, the careful structure Congress has created to avoid repetitive filings would mean little or nothing.").

Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). This is an appropriate case for such a disposition for precisely the reasons explained above. That is, petitioner Bailey has

sought relief pursuant to 28 U.S.C. § 2241 under circumstances which do not permit or justify the use of that remedy. His petition for a writ of habeas corpus is **denied**.

### III.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date:  6/30/15

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Robert Bailey
09723-029
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808